UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
|---|---|---|---|
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

Bankruptcy No.: 2:12-bk-52197-ER

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS): CITY OF WEST COVINA'S MOTION TO DISMISS APPEAL

COREPOINTE CAPITAL FINANCE LLC'S MOTION TO DISMISS APPEAL

## I. INTRODUCTION

French Automobile LLC ("French") appeals an order of the United States Bankruptcy Court for the Central District of California approving a settlement agreement (the "Global Settlement") in this Chapter 7 bankruptcy case (the "WCM Case").[1] The same Global Settlement was approved by separate order in the related bankruptcy case <u>In re: Hassan Imports Partnership</u> (the "HIP Case").[2] The Global Settlement was reached between the Chapter 7 Trustee for the HIP estate, Howard M. Ehrenberg (the "HIP Trustee"); the Chapter 7 Trustee for the WCM estate, David A. Gill (the "WCM Trustee"); CorePointe Capital Finance LLC ("CorePointe"); and the City of West Covina (the "City"). French—which claims to be a creditor of the WCM estate—asserts that the Global Settlement impairs its security interest in cash collateral held by the WCM estate, and that the Bankruptcy Court denied French due process. French has filed notices of appeal in both bankruptcy cases as to the orders approving the Global Settlement. In an order dated July 27, 2015, the Court granted the City and CorePointe's motions to dismiss French's appeal in the HIP case. HIP Case, Dkt. 36.

---

[1] Bankruptcy Court No. 2:12-bk-52197-ER (Bankr. C.D. Cal., filed Dec. 28, 2012).

[2] Bankruptcy Court No. 2:11-bk-42068-ER (Bankr. C.D. Cal., filed July 27, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

On August 5, 2015, CorePointe filed a motion to dismiss French's appeal in the WCM Case. Dkt. 28. On August 10, 2015, the City also filed a motion to dismiss French's appeal in the WCM Case. Dkt. 30. On August 24, 2015, French filed a consolidated opposition to both motions to dismiss. Dkt. 52. On August 31, 2015, CorePointe filed a reply, Dkt. 56, and the City filed a reply, Dkt. 57, to French's consolidated opposition. The Court held a hearing on September 17, 2015. Having considered the parties arguments the Court finds and concludes as follows.

## II.   BACKGROUND

In brief, the instant motions arise out of a dispute over funds paid by the County of Los Angeles to the WCM estate in exchange for two vehicles (the "Disputed Funds").[3] French claims to hold a senior perfected security interest in the Disputed Funds, in the amount of $125,500. CorePointe has asserted a competing security interest in the Disputed Funds. French represents that it and CorePointe entered into a settlement agreement by which French would receive sixty percent of the Disputed Funds, with CorePointe receiving forty percent.

However, on April 22, 2015, the HIP and WCM Trustees filed motions for orders approving the Global Settlement, which, among other provisions, directs that the WCM Trustee pay the Disputed Funds to CorePointe. French filed a response to the WCM Trustee's motion, arguing that the Global Settlement would impair French's alleged senior interest in the Disputed Funds.[4] On May 13, 2015, the Bankruptcy Court held a hearing and considered oral argument from French. At the hearing on the WCM Trustee's motion, French's counsel, Theodore Stolman ("Stolman"), suggested that the Bankruptcy Court, to make clear its intention not to alter the rights, claims, or interests of French and CorePointe in the disputed funds, "add some language that nothing herein is intended to affect the respective rights, claims, interests and priorities of French Auto and

---

[3] Unless otherwise noted, background facts in this order are taken from this Court's prior orders denying French's *ex parte* application for a stay pending appeal, Dkt. 25, and this Court's order granting the City and CorePointe's motions to dismiss French's appeal in the HIP Case, HIP Case, Dkt. 36.

[4] French did not oppose the HIP Trustee's motion to approve the Global Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
|---|---|---|---|
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

CorePointe to the . . . net proceeds attributable to the sale of the two auto vehicles to the County of Los Angeles." Dkt. 29-13 (May 13 Oral Arg. Tr.), at 2–4.

      The Bankruptcy Court granted both Chapter 7 trustees' motions on May 27, 2015, approving the Global Settlement. As a result of arguments French raised during the hearing on the WCM Trustee's motion, however, the Bankruptcy Court modified both orders approving the Global Settlement to include the following language:

> Nothing in this order is intended to or shall be construed to affect the validity, priority, amount and extent of the security interests, if any, of French or CorePointe in the [Disputed Funds] to be paid by the WCM Trustee to CorePointe under paragraph 4(b) of the [Global Settlement] Agreement.

HIP Bankr. Dkt. No. 1273, at 3; WCM Bankr. Dkt. No. 542, at 2. French nonetheless contends that approval of the Global Settlement impairs its lien rights on the Disputed Funds because French did not record a UCC-1 Continuation Statement following the WCM bankruptcy petition date. Opp'n at 15. French contends that while its priority status is fixed at the petition date for purposes of the bankruptcy case, its priority status will lapse outside of bankruptcy once the Disputed Funds are removed from the WCM estate. Id. at 15-16.

      On May 28, 2015, French filed notices of appeal in both bankruptcy cases as to the orders approving the Global Settlement. The City and CorePointe contend that French lacks standing to pursue this appeal.

### III. ANALYSIS

      To establish standing under Article III, "the appellant need only allege an injury 'fairly traceable' to the wrongful conduct; that injury need not be financial." In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999). But because bankruptcy litigation "generally affect[s] the rights of many . . . . courts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." Id.; see also In re Am. Eagle Mfg., Inc., 321 B.R. 320, 328 (B.A.P. 9th Cir. 1999) ("The Ninth Circuit Court of Appeals has adopted the 'person aggrieved' test . . . as the standard for determining whether a party possesses appellate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
|---|---|---|---|
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

standing under the [Bankruptcy] Code."). "This 'person aggrieved' requirement is more exacting than the requirements for general Article III standing." In re Andreuccetti, 975 F.2d 413, 416 (7th Cir. 1992); accord In re Heatherwood Holdings, LLC, 746 F.3d 1206, 1216 (11th Cir. 2014); Spenlinhauer v. O'Donnell, 261 F.3d 113, 117 (1st Cir. 2001); In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 530 (3d Cir. 1999). The party invoking appellate jurisdiction to review a bankruptcy court's order has the burden of demonstrating its standing. In re Hope 7 Monroe Streed Ltd. P'ship, 743 F.3d 867, 872 (D.C. Cir. 2014).

    A.    French's "Response" to the WCM Trustee's Motion to Approve the Global Settlement

As a general matter, "[p]rerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." In re Schultz Mfg. Fabricating Co., 956 F.2d 686, 690 (7th Cir. 1992) (citing In re Commercial W. Fin. Corp., 761 F.2d 1329, 1334–35 (9th Cir. 1985)); see also In re Wathen, 412 F. App'x 13, 14 (9th Cir. 2011) (unpublished) ("[A]n appellant lacks standing to challenge a decision rendered without her participation or objection."); In re Benham, No. LA CV 13-00205-VBF, 2014 WL 4543268, at *3 (C.D. Cal. Sept. 12, 2014) (appellant could not establish standing where he failed to lodge an oral or written objection to motions in the bankruptcy court).

Here, it is not clear that French satisfies all of the prerequisites for appellate standing in the bankruptcy context. French filed a response in the bankruptcy court stating that it "generally does not object to the Global Settlement with the exception that the Global Settlement appears to have completely disregarded the interests of French Automobile." Dkt. 29-7, French Response. Furthermore, French's counsel appeared at the May 13 hearing and, while not generally expressing disagreement with the Global Settlement, raised concerns regarding the separate, but related issue of the priority of French's lien on the disputed funds. See Dkt. 29-13, at 2-4. Accordingly, the record is ambiguous regarding whether French actually objected to the bankruptcy court's approval of the Global Settlement. However, given that French's conduct could arguably be construed as objecting to the Global Settlement, the Court will assume for purposes of ruling on this motion that French raised an objection before the bankruptcy court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

  B. The "Person Aggrieved" Test

  Nonetheless, even if the Court assumes that French properly raised an objection before the bankruptcy court, the Court still concludes that French lacks standing because French was not "aggrieved" by the bankruptcy court's order. "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." P.R.T.C., 177 F.3d at 777 (quoting Fondiller v. Robertson, 707 F.2d 441, 442 (9th Cir. 1983)); see also In re Popp, 323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) ("A 'person aggrieved' is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, in increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property."). "Whether an appellant is a person aggrieved is a question of fact," which the Ninth Circuit reviews for clear error. In re Parker, 139 F.3d 668, 670 (9th Cir. 1998), superseded by statute on other grounds as stated in In re Dumont, 581 F.3d 1104, 1119 (9th Cir. 2009); see also P.R.T.C., 177 F.3d at 777.

  French argues that the bankruptcy court's order effectively strips French of its lien rights. Opp'n. at 14. French claims to hold a senior perfected security interest in the Disputed Funds. Id. at 1. French contends that subsequent to the initiation of bankruptcy proceedings in this case, the priority status of French's lien's was permitted to lapse when French did not file a UCC-1 Continuation Statement. Id. at 15. Accordingly, French believes that, while its priority status is preserved for purposes of this bankruptcy case, if the Global Settlement is approved and the Disputed Funds are permitted to be removed from the WCM estate, French's lien will lose its priority status. Id.

  However, the bankruptcy court order from which French appeals expressly states that it should not be construed as affecting French's security interest in the Disputed Funds. Rather, in consideration of the issues French's counsel raised at the May 13 hearing regarding the potential that the Global Settlement may adversely affect French's lien, the bankruptcy court added the following language to its order:

> Nothing in this order is intended to or shall be construed to affect the validity, ***priority***, amount and extent of the security interests, if any, of French or CorePointe in the [Disputed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

> Funds] to be paid by the WCM Trustee to CorePointe under paragraph 4(b) of the [Global Settlement] Agreement.

WCM Bankr. Dkt. No. 542, at 2. (emphasis added).

    Accordingly, nothing in the bankruptcy court's order can be construed as preventing French from filing suit to enforce its lien. Furthermore, nothing in the order precludes French from arguing in subsequent litigation that its priority status should be preserved despite not filing a UCC-1 Continuation Statement. For example, French has suggested that its priority status may be preserved by application of the "Freeze Rule" which provides that the priority of liens is determined as of the date when a bankruptcy petition is filed. Opp'n., at 15-16. And, if in subsequent litigation a court were to find that French's priority status had in fact lapsed, that would be a consequence not of the bankruptcy court's order, but rather French's own failure to file a UCC-1 Continuation Statement.

    However, to the extent the harm French identifies is that CorePointe, who is a competing creditor to the Disputed Funds, may argue in subsequent litigation that French's lien has lost its priority status, that harm is too speculative and indirect to confer standing in this appeal. The Court has previously ruled in the HIP case that a similar argument regarding "equitable mootness" was insufficient to confer standing on French. HIP Case, at 8-9. There, French argued that approval of the Global Settlement in the HIP Case would permit the other parties to this action to "equitably moot" French's appeal in the WCM Case. Id. In concluding that French did not have standing to appeal the bankruptcy court's order, the Court stated: "French cites no authority indicating that the possibility that opposing counsel will make an equitable mootness argument in a distinct case suffices to confer standing under the stringent 'person aggrieved' standard, and the Court is not persuaded that it does." Id. at 9. The Court also noted that the Ninth Circuit has explained that the need to limit appellate bankruptcy standing

> springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

requires that appellate review be limited to those persons whose interests are directly affected.

Fondiller, 707 F.2d at 443.  Here, as in the HIP Case, while French may be "to some degree interested" in the administration of the WCM estate, it cannot be said that its pecuniary interests have been "directly affected" by approval of the WCM Trustee's motion.  At best, those interests may be indirectly affected in the future by collateral consequences of the bankruptcy court's order.  But the "person aggrieved" test requires that the bankruptcy court's order, *itself*, *directly* affect the appellant's interests.  Because French has not met its burden of showing its standing it's appeal must be dismissed.[5]

---

[5] French also argues that it has standing to appeal because the bankruptcy court violated its due process rights guaranteed under the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code.  Opp'n., at 19-23.  First, French argues that the bankruptcy court violated Federal Rule of Bankruptcy Procedure 7001(2), which requires a formal "adversary proceeding" to adjudicate "the validity, priority, or extent of a lien."  However, as stated above, the order from which French appeals expressly states that it does not "affect the validity, priority, amount and extent of [French's lien]."  WCM Bankr. Dkt. No. 542, at 2.  Second, French argues that the Global Settlement constituted an unauthorized use of cash collateral (i.e. the Disputed Funds) by the WCM Trustee because it did not ensure that entities with an interest in the Disputed Funds (i.e. French) were adequately protected as required by 11 U.S.C § 363(e) and Federal Rule of Bankruptcy Procedure 4001(b).  This argument is unavailing because: (1) French has only raised the argument that the Global Settlement constitutes an unauthorized use of cash collateral for the first time in this appeal; and (2) French cites no authority to support the proposition that distributing funds, subject to any lien rights French maintains, to a creditor with a security interest in the estate constitutes a use of cash collateral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-04240-CAS | Date | September 22, 2015 |
|---|---|---|---|
| Title | IN RE: WEST COVINA MOTORS, INC. | | |

## V. CONCLUSION

Accordingly, the Court finds that French does not have standing to bring the instant appeal and therefore GRANTS the City and CorePointe's motions to dismiss.

IT IS SO ORDERED.

00 : 00

Initials of Preparer   CMJ